NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KELLY A. MOORES, | No.    19-16098 |
| Plaintiff-Appellant, | D.C. No. 2:17-cv-02334-EFB |
| v. | |
| ANDREW M. SAUL, Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the Eastern District of California
Edmund F. Brennan, Magistrate Judge, Presiding

Submitted February 11, 2021[**]
San Francisco, California

Before:  HURWITZ and BRESS, Circuit Judges, and FEINERMAN,[***] District Judge.

Kelly Moores appeals the district court's order affirming the Social Security

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

[***]     The Honorable Gary Feinerman, United States District Judge for the Northern District of Illinois, sitting by designation.

Administration's denial of disability benefits. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

1. The ALJ gave specific, clear, and convincing reasons supported by substantial evidence for finding Moores' subjective symptom testimony not credible. *Garrison v. Colvin*, 759 F.3d 995, 1009-10 (9th Cir. 2014). Moores' complaints were inconsistent with the conservative treatment prescribed and received, *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007); 20 C.F.R. § 404.1529(c)(3), and her explanations were not so compelling that the ALJ was required to credit them. Moores' complaints were also inconsistent with the medical record, which did not document symptoms as severe as she claimed. *See* 20 C.F.R. § 404.1529(c)(2); SSR 16-3p, 2017 WL 5180304 (Oct. 25, 2017).

2. The ALJ gave germane reasons supported by substantial evidence for discounting lay witness testimony. *Valentine v. Comm'r*, 574 F.3d 685, 694 (9th Cir. 2009). The lay testimony mirrored Moores' and could be rejected for similar reasons, *id.*, including inconsistency with the medical evidence, *Bayliss v. Barnhart*, 427 F.3d 1211, 1218 (9th Cir. 2005). Any error in the other reasons given is harmless. *See Valentine*, 574 F.3d at 694.

3. The ALJ gave specific and legitimate reasons supported by substantial evidence for discounting Dr. Stricker's opinion. *Lester v. Chater*, 81 F.3d 821, 830 (9th Cir. 1995). Dr. Stricker relied substantially on Moores' description of her

condition, *Tommasetti v. Astrue*, 533 F.3d 1035, 1041 (9th Cir. 2008), as evidenced by the limited duration of their treatment relationship and the sparse findings in his treatment notes. Test results show that Moores suffers from Lyme disease and co-infections but do not alone establish the severity of her symptoms. And, although a physician may consider subjective complaints in assessing non-specific symptoms, an ALJ may reject reliance on self-reports that lack credibility. *See id.* Dr. Stricker's opinion is also inconsistent with Moores' daily activities. *Rollins v. Massanari*, 261 F.3d 853, 856 (9th Cir. 2001). For instance, he opined that Moores could not repetitively use foot controls, a fact contradicted by her ability to drive. Although the ALJ's decision does not refer to Dr. Stricker's specialization, the record shows she considered the relevant factors. *See Trevizo v. Berryhill*, 871 F.3d 664, 676 (9th Cir. 2017).

4. The ALJ gave specific and legitimate reasons supported by substantial evidence for discounting Dr. Hynote's opinion. *Lester*, 81 F.3d at 830. Dr. Hynote's treatment records do not corroborate why Moores must elevate her legs above her heart 100 percent of the time, how she was limited in the use of upper extremities, and how her left hand was more impaired than her right. *See Tommasetti*, 533 F.3d at 1041. Dr. Hynote's opinion is also inconsistent with Moores' conservative treatment. *See Rollins*, 261 F.3d at 856. Moores recognizes that antibiotics are the standard treatment for chronic Lyme disease and does not persuasively explain why

her regimen cannot be considered conservative.

5.     Moores forfeited a number of challenges to the ALJ's specific and legitimate reasons for discounting Dr. Monks' opinion by not raising them in her opening brief. *Rizk v. Holder*, 629 F.3d 1083, 1091 n.3 (9th Cir. 2011). The challenges Moores did raise are unavailing and do not undercut the reasons given by the ALJ for discounting Dr. Monks' opinion.

**AFFIRMED.**